# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-KA-01327-COA

**NADARIUS JOINER A/K/A BLACK**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/13/2018 |
| TRIAL JUDGE: | HON. LINDA F. COLEMAN |
| COURT FROM WHICH APPEALED: | QUITMAN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: MOLLIE MARIE McMILLIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| DISTRICT ATTORNEY: | BRENDA FAY MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 11/05/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., McCARTY AND C. WILSON, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     Nadarius Joiner was convicted of armed robbery and sentenced to serve seven years in the custody of the Mississippi Department of Corrections. Finding no arguable issue on appeal, Joiner's appellate counsel filed a brief pursuant to *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005). Joiner was given additional time to file a supplemental brief but did not do so. After thoroughly reviewing the record in this case, we conclude that there are no reversible issues and affirm Nadarius's conviction and sentence.

## FACTS

¶2.     Late one winter evening, a dozen or so people met up at an apartment in Crenshaw,

which is located in Quitman County. They were there to play dice games. Among the dozen men were Bill Tribble, Candid Mamon, and Lacy White. White and Mamon played craps; however, Tribble did not have any money to gamble with.

¶3. After a few hours, the men left the apartment and were "bum-rushed" by Nadarius Joiner, Printess Joy, and Cornelius Joiner. The three attackers had been at the apartment earlier, where Nadarius had lost money to Mamon.

¶4. Mamon testified that Nadarius ran toward him with a gun, said "you know what time it is," and hit him. Once he was on the ground, Printess stood over Mamon and took money out of his pocket. During this time, Mamon could see White being held at gunpoint by Printess and Cornelius, but he did not see anyone touch White or take anything from him.

¶5. Following the altercation, the victims drove to the police station to file a report. After Detective Daryl Linzy took statements from each of the men, he went to the apartment complex looking for Nadarius, Cornelius, and Printess. He located Printess that night. All three men were arrested within a week or so of the robbery. Detective Linzy prepared photo lineups to present to Tribble and Mamon; both men identified Nadarius in the lineups.

¶6. Nadarius, Printess, and Cornelius were indicted by a grand jury on two counts of armed robbery. At trial, Tribble testified that Nadarius pointed a gun at him, but he did not see anything else. On cross-examination, Tribble acknowledged that he had been drinking alcohol the entire day of the robbery.

¶7. Nadarius testified at trial and presented an alibi defense. He testified that he was at home with his new baby on the night of the robbery. He did not present any other witnesses.

2

¶8. The defendants each moved for a directed verdict on both counts. By the time of trial, White had died, and neither Tribble nor Mamon testified that anything was taken from White. The trial court found that the State had failed to prove the elements for Count II (armed robbery of Lacy White) and directed a verdict in favor of all three men. Additionally, the trial court found no evidence linking Cornelius to the robbery of Mamon, so the court granted Cornelius's motion for a directed verdict on both counts of the indictment.

¶9. The jury convicted Nadarius and Printess on the remaining count of armed robbery regarding Mamon. The court then held a sentencing hearing. Both Nadarius and Printess were sentenced to serve seven years in the custody of the Mississippi Department of Corrections.

¶10. Nadarius's appellate counsel filed a brief pursuant to *Lindsey*. Nadarius was then given additional time to file a pro se supplemental brief, which he did not do.

## DISCUSSION

¶11. Our Supreme Court has established a procedure "to govern cases where appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal . . . ." *Lindsey*, 939 So. 2d at 748 (¶18). In such a case, the defendant's attorney must certify in the appellate brief that

> there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding the arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not, and (h) possible misapplication of the law in sentencing.

3

*Id*. The attorney must send a copy of this brief to the defendant, inform the defendant that no appealable issues have been identified, and notify the defendant of the right to file a pro se brief. *Id*. Then, this Court will review the record and any pro se brief filed by the defendant to determine whether any arguable issue exists. *Id*. If an arguable issue is identified by this Court, the defendant's appellate counsel will be required to submit supplemental briefing on that issue, "regardless of the probability of the defendant's success on appeal." *Id*.

¶12. Here, Nadarius's appellate counsel has complied with the procedure set forth in *Lindsey*. She "diligently searched the procedural and factual history of this criminal action and scoured the record searching for any arguable issues which could be presented to the Court on Nadarius Joiner's behalf in good faith for appellate review, and upon conclusion, has found none." After specifically listing the matters she considered, Nadarius's counsel mailed a copy of her brief to Nadarius, notifying him that she had found no arguable issues and that he had a right to file a pro se brief. Joiner was given additional time to file a pro se brief; but, he did not do so. The State agrees with Nadarius's counsel that no arguable issues exist and asks this Court to affirm Nadarius's conviction and sentence.

¶13. After a thorough review of the record, including the indictment, all pretrial and post-trial motions, the trial transcript, and the trial exhibits, we find that no arguable issues exist warranting appellate review. We find that Nadarius's appellate counsel's brief meets the requirements of *Lindsey*.

**CONCLUSION**

4

¶14. The State proved the requisite elements of armed robbery as defined in Mississippi Code Annotated section 97-3-79 (Rev. 2014). Accordingly, we affirm the judgment and sentence of the Circuit Court of Quitman County.

¶15. **AFFIRMED.**

   **BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND C. WILSON, JJ., CONCUR.**